IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| AMOS MATTHEWS | * | |
| Plaintiff, | * | |
| v. | * | 2:06-CV-180-MEF |
| | | (WO) |
| ANTHONY CLARK, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Amos Matthews ["Matthews"], is currently incarcerated at the Covington County Jail. He challenges the constitutionality of his incarceration in the jail. Matthews seeks monetary damages and his immediate release from confinement.

After a thorough review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B).[1]

**DISCUSSION**

Matthews' complaint reflects that he was arrested in January 2006 for failure to pay child support. Matthews maintains that Defendant Leland Enzor, an attorney, is responsible for his arrest and imprisonment due to his failure to make child support payments. Matthews

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

asserts that Defendant Enzor wants a payment in the amount $1,000.00 before he will allow Matthews' release but Matthews contends that he cannot meet this demand due to his poverty. Matthews further complains that Defendant Clark is causing him to be falsely imprisoned as a result of his inability to meet his child support obligations.

*A. The False Imprisonment Claim.*

Matthews complains that his incarceration in the Covington County Jail due to his failure to meet his child support obligation is illegal. This claim goes to the fundamental legality of Matthews' confinement, and, consequently, provides no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action

should be construed as a habeas corpus action.

In *Balisok*, the Court further concluded that an inmate's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the inmate can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus. *Id*. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

The instant complaint contains a challenge to the constitutionality of Matthews' incarceration in the Covington County Jail as a result of his failure to meet his court-ordered child support payments. A judgment in favor of Matthews in this cause of action would necessarily imply the invalidity of the order and his resulting confinement. It is clear from the complaint that the order of incarceration about which Matthews complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on his confinement in the Covington County Jail is prohibited as habeas corpus is the exclusive remedy for an inmate who challenges the validity of the fact or duration of his confinement.

*Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). Such attack is therefore subject to summary dismissal by this court in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

*B. Defendant Enzor*

According to the complaint, Defendant Enzor is an attorney who subjected Matthews to unlawful arrest and incarceration due to his inability and/or failure to pay child support. Matthews maintains that Defendant Enzor's actions subjected him to harassment, malicious prosecution, and failed to afford him due process.

If Defendant Enzor's conduct about which Matthews complains was taken in the capacity of an assistant district attorney, the court notes that "[a] prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

> [A]bsolute immunity is an entitlement to be free from suit for money damages.... [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions. To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other

4

> burdens attendant to litigation, including pretrial discovery.... In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

If the actions about which Matthews complains with respect to Defendant Enzor arise from this defendant's role "as an 'advocate' for the state," such actions were "intimately associated with the judicial phase of the criminal process." *Mastroianni*, 60 F.3d at 676. (citations omitted). Defendant Enzor is, therefore, "entitled to absolute immunity for that conduct." *Id*.

To the extent the actions about which Matthews complains with respect to Defendant Enzor were taken in his capacity as a private attorney, such claims likewise provide no basis for relief in the instant cause of action. An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of was committed by a person acting under color of state law. "[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983." *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ; *Parratt v. Taylor*, 451 U.S. 527 (1981). Accordingly, Matthews' claims against Defendant Enzor are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28

5

U.S.C. § 1915(e)(2)(B)(i)-(ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before April 17, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of April, 2006.

    /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE